UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CASH TODAY, LLC et al.,

    Plaintiffs,

v.

MTE LLC et al.,

    Defendants.

Case No. 21-2360-EFM-RES

**MEMORANDUM AND ORDER**

This matter comes before the court on Plaintiffs' Second Motion to Compel Production of Documents. ECF No. 108. Defendants have filed a response in opposition. ECF No. 109. No reply brief was allowed. ECF No. 106. For the reasons explained below, the Motion is denied.

**I.     BACKGROUND**

Plaintiffs filed this case on August 19, 2021, asserting multiple claims against Defendants stemming from a dispute regarding an alleged agreement for Defendant MTE LLC ("MTE") to sell certain ATM assets to Plaintiff Cash Today, LLC ("Cash Today"). *See generally* ECF No. 1.[1] ECF No. 107 at 1. The claims in this case include: a breach-of contract claim against MTE (Count 1); a fraud and fraudulent misrepresentation claim against both Defendants (Count 2); recission claims against MTE (Counts 3 and 4); an unjust enrichment claim against MTE (Count 5); a tortious interference claim against both Defendants (Count 6); a conversion claim against both

---

[1] As reflected in the Pretrial Order, Plaintiff Cash Today has assigned its claims to Plaintiff MoneyBox ATM Nevada, LLC ("MoneyBox"). The parties anticipate a voluntary dismissal of Plaintiff Cash Today. ECF No. 107 at 1 n.1. Because this has not occurred, the Court refers to Plaintiffs jointly. Defendant Michael Tyler ("Tyler") is the controlling member and manager of MTE. *Id.* at 2.

Defendants (Count 7); and a deceptive trade practice claim against both Defendants (Count 8). *Id.* at 23-26.

Discovery got off to a slow start and was mired with serial extensions of time. The parties were free to begin discovery as early as October 7, 2021, the deadline for their Federal Rule of Civil Procedure 26(f) planning conference. *See* Fed. R. Civ. P. 26(d)(1); ECF No. 10 at 1 (Initial Order scheduling planning conference). Despite this, Plaintiffs did not serve their opening requests for production ("RFPs") on Defendant MTE until February 11, 2022, or on Defendant Tyler until March 28, 2022. ECF Nos. 24 and 32 (certificates of service).

On April 29, 2022, the parties filed a Joint Motion for Extension of Time Relating to the Parties' Scheduling Order Deadlines. ECF No. 40. In that Motion, the parties represented that the "parties also have served requests for production of documents upon counterparties." *Id.* at 1, ¶ 4. Although the docket did not reflect certificates of service filed by all parties to support this representation, the Court took the parties at their word that discovery was underway by all parties.

On June 30, 2022, the parties filed a Second Joint Motion for Extension of Time Relating to the Parties' Scheduling Order Deadlines. ECF No. 42. In that Second Motion, the parties represented that the "parties also have served requests for production of documents upon counterparties and are producing documents." ECF No. 42 at 2. Again, the docket did not reflect this ongoing written discovery by all parties, but the Court again took the parties at their word that each side was producing responsive documents. The Court granted this Second Motion but warned the parties that the "Court will not grant any further extensions of these deadlines absent extraordinary circumstances." ECF No. 43. at 2.

It turns out, however, that at the time these motions were filed, neither Defendant had served written responses of any kind to the RFPs Plaintiffs served in February and March 2022.

2

Moreover, despite a representation that all parties were producing documents, Defendants had yet to produce a single document to Plaintiffs. *See* ECF No. 64 (Plaintiffs states in their October 21, 2022 Memorandum that "not a single document has been produced in response to Plaintiffs' multiple sets of production requests to date.")

Despite the wholesale failure of Defendants to respond to these February and March 2022 discovery requests, Plaintiffs waited until October 21, 2022, to move to compel responses to the RFPs. ECF No. 63. This motion was filed just days before the original October 26, 2022 deadline for the close of discovery, a deadline that had been extended previously based in part on the parties' representations to the Court of their on-going discovery efforts. ECF No. 43. Despite months elapsing between Defendants' defaults in responding to the RFPs and the filing of this October 2022 motion, Plaintiffs merely stated in that original motion that they "did not consider the thirty day period . . . to be running until Plaintiffs sent their formal demand letter on September 29, 2022. Therefore, it would have been premature for Plaintiffs to have filed a motion to compel prior to this date." ECF No. 64 at 5-6. The Court set expedited briefing on this motion. ECF No. 65.

On October 26, 2022, Plaintiffs filed a purportedly unopposed motion for extension of time, seeking additional scheduling order extensions. In that motion, Plaintiff stated "the discovery deadline is closing shortly and Defendants have failed and refused to produce a single document in response to Plaintiffs' multiple discovery sets to date." ECF No. 72 at 3. The next day, Plaintiffs filed a Notice of Withdrawal of the motion because the "Unopposed Motion was not intended to, in part, state it was jointly filed with Defendants, nor was it unopposed as to the substance of the Unopposed Motion, among other items that were incorrectly included in the Unopposed Motion." ECF No. 73 at 1. Based on the motion to compel indicating that discovery

3

was not proceeding as previously represented and the general confusion around the motion for extension, the Court set a status conference for November 1, 2022. ECF No. 76.

As stated more fully on the record, the Court granted in part and denied in part the motion to compel. ECF No. 85 at 3. The Court found that Defendants had waived any objections they may have had to the discovery requests but granted the motion to compel only "insofar as Defendants have agreed to respond to the RFPs served on Defendant MTE LLC on February 11, 2022, and served on Defendant Michael W. Tyler, Sr. on March 28, 2022." *Id.* The motion was otherwise denied. *Id.*

Because Defendants agreed to serve discovery responses without objections and to begin producing documents, the Court did not address the timeliness of Plaintiffs' motion. The Court cautioned the parties that it did not anticipate any further disputes regarding these RFPs because of fault on both sides: Plaintiffs had waited months before filing an untimely motion to compel; and Defendants had been dilatory in wholly failing to respond to RFPs. As stated in the order following the status conference, Defendants were directed to serve amended responses to the RFPs, removing all objections, by November 8, 2022, and were to produce remaining responsive documents by November 15, 2022. *Id.* at 4. The Court granted a short extension of the discovery deadline, giving the parties until December 21, 2022, to finalize previously served discovery. *Id.* at 4-5.

At 8:25 p.m. on December 21, 2022, Plaintiffs emailed the Magistrate Judge's chambers to request a discovery conference because Plaintiffs believed that Defendants' document production remained deficient. Despite more than 30 days elapsing since Defendants were to complete production of all responsive documents, the email confirmed the parties had yet to exhaust their meet-and-confer obligations and the email was sent solely because discovery closed

4

that day. *See* Dec. 22, 2022 email from R. Hammeke to the Court ("Plaintiffs and Defendants' counsel will continue to work in good faith on these issue. However, because discovery closes today - December 21 - pursuant to the November 2, 2022 Order, Plaintiffs request a discovery conference at this time.").

The following day, the Magistrate Judge's chambers staff responded, providing specific instructions for next steps, including directing Defendants to provide Plaintiffs with their final position regarding the disputed production on or before December 28, 2022, including identifying what, if any, additional responsive documents Defendants intend to produce and the date those documents will be produced. The Court directed that if Plaintiffs believe Defendants are required to produce additional documents, the parties shall further meet and confer regarding these disputes on or before January 3, 2023. Because the draft of the proposed pretrial order was due on January 4, 2023, the Court directed that the parties provide an update regarding the dispute in that proposed order.

The parties' dispute continued, and the Court addressed the dispute at the final pretrial conference on January 18, 2023. At that time, it became apparent that the parties again had not satisfied their obligations to meaningfully meet and confer prior to raising discovery disputes with the Court. ECF No. 97 (citing D. Kan. Rule 37.2). Namely, the issues raised largely involved a theoretical discussion of whether certain additional responsive documents existed—with Plaintiffs contending they did, and Defendants contending they had produced all responsive documents. The Court again directed the parties to meet and confer either in person or by videoconference to discuss: each disputed RFP and whether there was a live dispute about whether responsive documents existed in response to that specific RFP; and, to the extent the parties disputed whether

5

responsive documents exist on a website accessible by Defendants, the parties were directed to work together to locate responsive documents on the website, if any exist. *Id.*

After the parities met to discuss the RFPs and to view the website portal together, Plaintiffs still contended Defendants had not produced all responsive documents. To that end, at a discovery conference on February 17, 2023, the Court directed that by February 20, 2023, Defendants shall confirm in writing to Plaintiffs that all responsive documents have been produced. ECF No. 106 at 2. If Plaintiffs believed additional responsive documents were still outstanding, they were directed to notify Defendants in writing by February 22, 2023, as to what documents Plaintiffs believe exist that Defendants have not produced and the corresponding RFP that required production of the documents. *Id.* By February 24, 2023, Defendants were to respond to each item on Plaintiffs' list by specifying one of three things: "(1) to the extent Defendants contend that they already produced all such responsive documents, provide Bates numbers for the documents previously produced; (2) state that no responsive documents exist; and/or (3) state whether it is Defendants' position that the documents sought fall outside the scope of Plaintiffs' written discovery requests." *Id.* at 2-3.

The Court set an expedited briefing schedule for Plaintiffs' renewed motion to compel if the parties had not resolved their issue. This Motion is now before the Court.

## II.     TIMELINESS OF THE MOTION

D. Kan. Rule 37.1(c), as amended in December 2022, governs the time for filing discovery-related motions. It states:

> Any discovery-related motion must be filed within 30 days of the default or service of the response, objection, or disclosure that is the subject of the motion, or, for all other disputes, within 30 days after the movant knew or reasonably should have known of the potential dispute. The court may deny any motion filed after that 30-day

period as untimely unless the movant demonstrates diligence in attempting to resolve the specific discovery dispute at issue.[2]

The overarching purpose of the rule "is to ensure the court can address discovery disputes while they are still fresh, and in turn expedite litigation." *Grider v. Shawnee Mission Med. Ctr., Inc.*, No. 16-2750-DDC-GLR, 2018 WL 2225011, at *1 (D. Kan. May 15, 2018).

In this case, whether decided under the earlier version of D. Kan. Rule 37.1(c) or as amended, Plaintiffs' Motion is not filed within the 30-day period, and the Court cannot find that Plaintiffs have demonstrated diligence meriting an extension of this 30-day period. *See Delcavo v. Tour Res. Consultants LLC*, No. 21-2137-JWL-ADM, 2022 WL 594484, at *6 (D. Kan. Feb. 28, 2022) (analyzing the issue as a two-pronged inquiry by first considering whether the motion was filed within the 30-day period and then considering whether the moving party had exercised diligence to warrant an extension of that period).

### A.     The 30-Day Period

The 30-day period for raising a discovery dispute with the Court "is triggered by the service of a deficient response, answer, or objection or a party defaulting in a discovery obligation." *No Spill, LLC v. Scepter Candada, Inc.*, No. 2:18-CV-2681-HLT-KGG, 2021 WL 5906042, at *3 (D. Kan. Dec. 14, 2021) (internal quotations omitted). In other words, "[t]he time period begins to run when specific information first leading to a dispute is discovered." *Neonatal Prod. Grp., Inc., v. Shields*, No. 13-2601-DDC, 2015 WL 7078796, at *2 (D. Kan. Nov. 13, 2015) (ruling on a motion

---

[2] The prior version of this Rule, which was in effect during most of the meet-and-confer process in this case, did not expressly include either the "knew or reasonably should have known" language or the last sentence about demonstrating diligence. Under that standard, failure to timely file a motion to compel means that "the objection to the default, response, answer, or objection is waived." *See Armstrong v. Ennis Bus. Forms of Kansas, Inc.*, No. 21-CV-2258-KHV-TJJ, 2022 WL 1102638, at *5 (D. Kan. Apr. 13, 2022) (failure to file a motion to compel within 30 days waives the issue).

to compel production of an unredacted document and explaining that the triggering event was the supplemental production of a redacted document).

The discovery dispute before the Court concerns Plaintiffs' RFPs and Defendants' responses to these RFPs. Plaintiffs served their RFPs on Defendant MTE on February 11, 2022, and on Defendant Tyler on March 28, 2022, making responses due by March 14, 2022, and April 27, 2022, respectively. But Defendants never responded or objected the RFPs. Instead, they wholly defaulted on their obligation to do so. Those initial defaults unquestionably triggered the 30-day period to raise the issue with the Court. In other words, motions to compel these RFPs were due on or about April 13, 2022, and May 27, 2022, respectively. Instead, Plaintiffs filed their first motion to compel months later, on October 21, 2022. ECF No. 63.

The Court did not address the timeliness of Plaintiffs' original motion because Defendants agreed to produce all responsive documents and to waive any objections. ECF No. 85 at 3. As memorialized in the order granting in part and denying in part the motion to compel, "Plaintiffs' Motion to Compel is granted *insofar as Defendants have agreed* to respond to the RFPs served on Defendant MTE LLC on February 11, 2022, and served on Defendant Michael W. Tyler, Sr. on March 28, 2022." *Id.* (emphasis added). In other words, the Court largely memorialized the agreement of the parties and set deadlines for amended responses and the subsequent production of documents. *Id.* at 4. But granting the motion was not an open door for Plaintiffs to raise spinoff discovery disputes regarding RFPs served approximately a year ago.

Plaintiffs' current Motion does not specify what other date could have been the default triggering the start of the 30-day period with respect to the present Motion. Plaintiffs do not argue that November 15, 2022—the Court-imposed deadline for document production—was the

8

triggering event. But even if they had, Plaintiffs still did not raise an issue with the Court until December 21, 2022, more than 30 days from that November 15 deadline.

Finding the present Motion timely would thwart the very purpose of the Rule—to quickly address discovery disputes well in advance of the discovery deadline. Now, discovery is closed, and a pretrial order has been entered. ECF No. 107. The dispositive motion deadline is April 17, 2023. ECF No. 111. Simply put, the time for arguing about the sufficiency of document production in response to RFPs served approximately a year ago has passed. The fact that the initial motion to compel was granted in part—largely by agreement—does not give Plaintiff a new avenue to pursue what is a stale discovery dispute.

### B. Plaintiffs' Diligence in Attempting to Resolve the Discovery Dispute

The amended version of Rule 37.1(c) is clear that motions filed after the 30-day period are subject to denial as untimely "unless the movant demonstrates diligence in attempting to resolve the specific discovery dispute at issue." D. Kan. Rule 37.1(c); *accord Delcavo*, 2022 WL 594484, at *6 (articulating the diligence standard). Plaintiffs argue that they were not required to file their first motion to compel within 30 days because of the possibility that the discovery dispute could have been resolved without the need for motion practice and because they acted in good faith in agreeing to allow a rolling production of documents from Defendants. ECF No. 108 at 5. Neither argument establishes the diligence contemplated by Rule 37.1(c).

*First*, Plaintiffs do not point to robust meet-and-confer communications taking place within the 30 days following Defendants' respective nonresponses and continuing up to the time Plaintiffs filed their first motion to compel. Indeed, Plaintiffs' first motion to compel referenced only two specific communications. ECF No. 64 at 6. On March 18, 2022, Plaintiffs' counsel sent Defendants' counsel an email noting that Defendant MTE's "document request responses and

9

document production are past due." ECF No. 64-4 at 1. The email further asked for defense counsel to let Plaintiffs' counsel "know the status." *Id.* More than six months later, on September 29, 2022, Plaintiffs sent Defendants a golden rule letter. ECF No. 64-5 at 1. This delay is not compatible with a finding of diligence. *See, e.g., Delcavo*, 2022 WL 594484, at *6-8 (finding no diligence when the discovering party did not contact the responding party until the day a motion to compel was due and made only sporadic efforts following the initial contact).

*Second*, a wholesale failure to respond to written discovery requests would not require meet-and-confer efforts spanning months. At the time of the nonresponses, Defendants had waived any objections they may have had unless they demonstrated good cause to the Court. In other words, there was simply no reason to continue to purportedly meet and confer for months about a wholesale nonproduction and/or objections that were waived. This was not a complex legal dispute requiring thorough exploration of the parties' positions. Defendants failed to respond altogether, and Plaintiffs could and should have obtained an order requiring production immediately.[3]

*Third,* even after the Court's November 2nd Order requiring production of all remaining responsive documents by November 15, 2022, Plaintiffs again failed to timely address any remaining disputes. Plaintiffs' December 21, 2022 request for another discovery conference with the Court came more than thirty days after Defendants failed to meet the Court's November 15th deadline.

---

[3] On rare occasion, judges have excused untimely motions to compel based on a responding parties' promises of forthcoming response. *See generally Hartford Fire Ins. Co. v. P & H Cattle Co.*, No. CIV A 05-2001-DJW, 2008 WL 5046345, at *1 (D. Kan. Nov. 24, 2008) (explaining that although "not common," the court may excuse a failure to file within the 30-day timeframe if a moving party relied on the responding party's false assurances of compliance). But this case is distinguishable in that Plaintiffs point to no statement that would lead them to reasonably conclude—for months—that Defendants would produce responsive documents.

Moreover, despite taking more than 30 days to raise the latest default with the Court, the record does not reflect diligence in attempting to resolve the issue. Plaintiffs memorialized a few attempts to resolve the dispute prior to seeking relief from the Court: "On December 2, 2022, Plaintiffs' counsel communicated to Defendants' counsel detailing Defendant MTE's document production deficiencies in response to Plaintiffs' first requests for production of documents. Further correspondence was delivered on December 14 and 16, respectively."

But, as detailed above, Plaintiffs' email to the Court confirmed that despite more than 30 days elapsing, the parties had yet to exhaust their meet-and-confer obligations, and the email was sent solely because discovery closed that day. Seeking to schedule a discovery conference with the Court before exhausting the required meet-and-confer obligations does not show diligence and is not consistent with the Local Rules. *See* D. Kan. Rule 37.1(a) (stating that a discovery conference should be requested only "after satisfying the duty to confer or to make a reasonable effort to confer"); D. Kan. Rule 37.2 (stating that the Court "will not entertain any motion to resolve a discovery dispute . . . unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion.").

But even when the Court took up the dispute regarding document production at the final pretrial conference on January 18, 2023, and again at the discovery conference on February 17, 2023, the dispute regarding document production was still largely theoretical, with Plaintiffs continuing to claim there must be additional responsive, unproduced documents, and Defendants contending they had produced everything. As the Court stated, this dispute continued to reflect an ongoing failure by the parties to meaningfully meet and confer despite nearly a year to do so. *See* ECF No. 97 (finding that the parties had not satisfied their obligations to meaningfully meet and

confer pursuant to D. Kan. Rule 37.2); ECF No. 106 (order following discovery conference requiring additional meet-and-confer discussions).

For a discovery dispute that arose in early 2022, the sporadic meet-and-confer efforts over the past year and the failure to meaningfully meet and confer do not support a finding of diligence and Plaintiffs' Motion is denied as untimely. Even if the Court had found this motion timely, as addressed below, the Court would still deny this Motion on its merits.

## III. EVEN IF CONSIDERED ON ITS MERITS, PLAINTIFFS' MOTION TO COMPEL FAILS

Federal Rule of Civil Procedure 34 obligates parties responding to an RFP to produce documents within their custody, possession, or control. Fed. R. Civ. P. 34(a)(1). The Court cannot compel a party to produce documents that do not exist or are not in the responding party's custody, possession, or control. *Manning v. Gen. Motors*, 247 F.R.D. 646, 652 (D. Kan. 2007). "The party moving to compel production has the burden of establishing that there are responsive documents in the responding party's 'possession, custody, or control.'" *Consumer Fin. Prot. Bureau v. Integrity Advance, LLC*, No. 21-MC-206-JWL, 2022 WL 293240, at *4 (D. Kan. Feb. 1, 2022) (quoting *Norman v. Young*, 422 F.2d 470, 472-73 (10th Cir. 1970)).

"Generally, when a party responding to discovery requests states that it has fully responded, the court will not compel further responses unless the moving party has presented information that calls into question the veracity of the responding party's representation." *F.D.I.C. v. McCaffree*, 289 F.R.D. 331, 338 (D. Kan. 2012); *see also Manning*, 247 F.R.D. at 652 (same); *Sonnino v. Univ. Kansas Hosp. Auth.*, 220 F.R.D. 633, 640 (D. Kan. 2004) (same); *Super Film of Am., Inc. v. UCB Films, Inc.*, 219 F.R.D. 649, 651 (D. Kan. 2004) (same). If the documents sought were at one time in the party's possession, custody, or control but are no longer, "the requesting party is entitled to some explanation regarding the final disposition of the desired papers" so that the

12

discovering party can determine whether to explore other avenues for production. *Lone Star Steakhouse & Saloon, Inc. v. Liberty Mut. Ins. Grp.,* No. 02-1185-WEB, 2003 WL 21659662, at *3 (D. Kan. June 4, 2003).

Here, Plaintiffs argue that "crucial responsive information such as underlying documentation provided to accountants for tax preparation, and bookkeeping and other supporting financial documents of MTE are still lacking." ECF No. 108 at 2-3. Plaintiffs move for an order compelling production of "financial documents used to prepare tax returns or created by bookkeepers, documentation concerning Defendants' external accountants and bookkeepers, and documents including but not limited to those related to the receipt and transfer of the $615,000 indisputedly paid to Defendants by Plaintiffs." *Id.* at 4. They contend this information is responsive to RFPs Nos. 4, 5, 89, 90, 91, and 94, which were directed to MTE. *Id.*

To bring clarity to this dispute, on February 17, 2023, the Court ordered Plaintiffs to put in writing what documents Plaintiffs believe purportedly exist that remain unproduced and for Defendants to respond in writing if those documents do not exist. ECF No. 106. As required, Defendants stated that no further responsive documents exist. *See* ECF No. 108-3 at 4.

Plaintiffs point to no evidence, such as deposition testimony or other supporting documents, suggesting that these types of documents exist or are in Defendant MTE's custody, possession, or control.[4] Rather, Plaintiffs argue that the documents likely exist because

---

[4] Plaintiffs rely on *Jake's Fireworks, Inc. v. Sky Thunder, LLC*, No. 16-CV-2475-JAR-GLR, 2017 WL 4037705, at (D. Kan. Sept. 13, 2017) to argue that judges in this District have ordered parties to produce documents even when the producing party claims nonexistence when evidence shows the documents exist. ECF No. 108 at 4 n.3. As discussed in this section, however, Plaintiffs have not shown the documents they seek exist and are in Defendants' custody, possession, or control.

Moreover, the dispute about the existence of documents was one the court in *Jake's Fireworks* did not explicitly decide. In one instance, plaintiff claimed responsive documents did not exist as to an RFP seeking documents evidencing the total gross sales revenue for a certain

"Defendants have a bookkeeper but seemingly claim to have no books. They have accountants and filed tax returns, but no accounting workpapers." ECF No. 108 at 3. But these conclusory statements do not address the substance of Defendants' explanation about the non-existence of the documents, let alone show that the documents actually still exist today.[5] Defendants explain that:

> . . . Defendant MTE did not provide documentation to its bookkeeper. The bookkeeper had authorized access to MTE bank accounts, the CDS website and all financial information. That bookkeeper, known as Cynda Campbell, would turn the documentation over to the tax preparer with whom Michael Tyler would meet and provide answers to questions and the tax returns were prepared. Defendants provided no documentation to either the bookkeeper or tax preparer. Third, Defendants have sought the information. It is understood that the bookkeeper does not have the documentation. Unfortunately, the tax preparer, Brett Chapin, is deceased. The tax returns have been provided to Plaintiffs. Defendants cannot obtain any further documentation responsive. Fourth, as it relates to the accounting for the $615,000, it is Defendants' position that this transaction was a cash for cash exchange. Whereas Defendants Tyler and MTE did not appreciate income from the transfer of $615,000 in exchange for $615,000, it is Defendants' position that there need not be an accounting for the proceeds on a tax return; and in fact there is not.

ECF No. 109 at 5. Plaintiffs separately served a subpoena on Campbell, the bookkeeper. ECF No. 62. But neither side discusses Campbell's apparent assertion that she lacks any documentation

---

brand of fireworks sold by plaintiff. *Id.* at *6. Defendant pointed to plaintiff's initial disclosures, which listed the sales and distribution information for that type of fireworks. *Id.* But the court made no explicit findings, instead the court simply noted that plaintiff presumably had access to its own sales information and found the RFP sought relevant and proportional information. The court granted the motion "[t]o the extent Plaintiff has within its possession documents responsive to RFP 30." *Id.* Here, Defendants have definitively stated that there are no such documents and Plaintiffs have nothing beyond speculation to claim to the contrary.

[5] Although Defendants statement was made in their response brief and the Court disallowed rely briefs, the parties were put on notice that the Court was disallowing reply briefs because each side was expected to be well-aware of the opposing parties' positions given that the parties have represented that they have fully discharged their meet-and-confer obligations.

she provided to MTE's tax preparer. Regardless, Plaintiffs have not raised any discovery dispute regarding compliance with the subpoena served on Campbell, and the time to do so has passed.

In sum, Defendants have an explanation regarding the nonexistence of documents Plaintiffs seek, and Plaintiffs have not come forward with any specific information that would allow the Court to make a finding to the contrary and compel production. *See Manning*, 247 F.R.D. at 652 ("Although the Court finds it difficult to imagine that Defendant does not possess any electronic or paper documents identifying vacant positions at the GM Kansas City facility from March through July 2004, there has been no information submitted by Plaintiff to lead the Court to question the veracity of Plaintiff's statement that no responsive documents exist. The Court thus has no basis upon which to compel Defendant to produce responsive documents."). Through their subpoena, Plaintiffs could have sought discovery to establish that responsive, unproduced documents exist, but they did not. For these reasons, the Court would separately deny Plaintiffs' Motion on its merits even if it found the motion timely, which it does not.

Because the Court denies Plaintiffs' Motion, it also denies Plaintiffs' request for expenses, including attorneys' fees, pursuant to Fed. R. Civ. P. 37(a)(5). Indeed, because the Court denies the motion in full, it must consider whether to award Defendants their reasonable fees and expenses in responding to the motion. *See* Fed. R. Civ. P. 37(a)(5)(B). The rule requires the Court to award "reasonable expenses incurred in opposing the motion, including attorney's fees" unless "the motion was substantially justified or other circumstances make an award of expenses unjust." *Id.*

Because of the unique factual circumstances in this case, the Court finds that other circumstances make an award of fees unjust in this instance in that both sides have been dilatory throughout the discovery process—Plaintiffs in failing to diligently pursue discovery and in timely bringing discovery disputes to the Court and Defendants in their initial default in responding to

15

the RFPs at issue in the Motion.  Because of this, the Court finds an award of expenses, including attorneys' fees, to be inappropriate, and notably, Defendants do not request an award of expenses.

**IT IS THEREFORE ORDERED** that Plaintiffs' Second Motion to Compel Production of Documents (ECF No. 108) is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 14, 2023, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge