IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CASH TODAY LLC, et al.,

    *Plaintiffs,*

v.

MTE LLC, et al.,

    *Defendants.*

Case No. 21-2360-EFM

**MEMORANDUM AND ORDER**

After conducting a bench trial on August 13, 2024, the Court issued its Memorandum and Order on April 21, 2025. The Court awarded judgment in favor of Plaintiffs Cash Today, LLC ("Cash Today") and MoneyBox ATM Nevada, LLC ("MoneyBox"). Before the Court is Defendants MTE, LLC's ("MTE") and Michael W. Tyler, Sr.'s ("Tyler") Motion for New Trial (Doc. 190). Defendants assert several reasons why the Court should grant a new trial under Rule 59 of the Federal Rules of Civil Procedure, or alternatively, alter or amend its Memorandum and Order under Rules 52(b) and 59(e) of the Federal Rules of Civil Procedure. For the following reasons, the Court denies Defendants' Motion.

**I.    Legal Standard**

**A.    Motion for New Trial**

Rule 59(a)(1)(B) provides in part that after a nonjury trial, the court may grant a motion for new trial "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Under Rule 59(a)(2), "[a]fter a nonjury trial, the court may, on motion for a new

trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." "[T]he purpose of a Rule 59(a)(2) motion is to correct manifest errors of law or fact, or, in some limited situations, to present newly discovered evidence."[1] Motions for new trial are committed to the sound discretion of the trial court.[2] They are not regarded with favor and should be granted only with great caution.[3]

### B.     Motion to Alter or Amend Judgment

Under Rule 52(b), after a bench trial, the district court may amend its findings or make additional findings and amend the judgment accordingly. "The primary purpose of Rule 52(b) is to enable the appellate court to obtain a correct understanding of the factual issues determined by the trial court as a basis for the conclusions of law and judgment entered thereon."[4] "A motion made pursuant to Rule 52(b) will only be granted when the moving party can show either manifest errors of law or fact, or newly discovered evidence; it is not an opportunity for parties to relitigate old issues or to advance new theories."[5]

Similarly, Rule 59(e) permits a party to request reconsideration of a final judgment.[6] The Court will reconsider an earlier judgment if the movant presents evidence of (1) an intervening change in the controlling law, (2) newly discovered evidence, or (3) the need to correct a clear

---

[1] *Waugh v. Williams Cos.*, 323 F. App'x 681, 684–85 (10th Cir. 2009) (further citations and quotations omitted).

[2] *See Unit Drilling Co. v. Enron Oil & Gas Co.*, 108 F.3d 1186, 1193 (10th Cir. 1997).

[3] *United States v. Kelley*, 929 F.2d 582, 586 (10th Cir. 1991).

[4] *Myers v. Dolgencorp, Inc.*, 2006 WL 839458, at *1 (D. Kan. Mar. 25, 2006) (citing 9A Wright & Miller's Federal Practice and Procedure § 2582 (2d ed. 1995)).

[5] *Id.*

[6] Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

error in the earlier judgment.[7] In other words, "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."[8] Rule 59(e) is not, however, an appropriate vehicle for revisiting issues already considered or arguing matters that were not raised in prior briefs.[9]

## II.     Analysis

The Court incorporates by reference its Memorandum and Order (Doc. 149) granting in part and denying in part Plaintiffs' Partial Motion for Summary Judgment, which sets forth in detail the procedural history and facts underlying this action. The Court also incorporates its Memorandum and Order (Doc. 186) granting judgment in Plaintiffs' favor after the August 13, 2024 bench trial. The Court will not restate the facts and history in full, but as needed to frame its analysis.

Defendants assert several reasons why a new trial, or alternatively, an alteration or amendment is warranted. These arguments can be separated into two broad categories: (1) alleged errors in findings of fact and (2) alleged misapplication of the law.

### A.     Alleged Factual Errors

Defendants argue that the Court made three errors in its findings of fact, warranting a new trial, or alternatively, an alteration or amendment of judgment. First, Defendants assert the Court erred in disregarding Plaintiff's failure to seek the cash used to cash load the Las Vegas ATMs as a possible recovery for their claims in its damages analysis. However, this is an argument that Defendants raised at trial. In its decision, the Court limited its damages analysis to the value of the

---

[7] *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[8] *Id.; see also Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

[9] *Trackwell v. U.S. Gov't*, 2005 WL 2921586, at *1 (D. Kan. Nov. 4, 2005) (citing *Servants of Paraclete*, 204 F.3d at 1012)).

Las Vegas ATM assets and the profits they generated, without considering the cash used to load the machines as a potential recoverable loss for Plaintiffs. As such, Defendants have not shown a manifest error of fact.

Next, Defendants argue that the Court erred in valuing the Las Vegas ATM assets at $350,000 instead of $300,000. They cite Patrick Klopf's testimony, wherein he stated that the assets were worth $300,000 and assert that this figure should have been used in the Court's analysis. However, Defendants provide no legal authority or argument that a business owner's testimony carries more weight than a professional valuation by an ATM broker in determining the market value of the property. Consequently, Defendants have not met their burden with this argument.

Finally, Defendants assert that the Court failed to consider that Patrick was not completely locked out of the CDS portal and that there was no evidence showing that Tyler was responsible for the lockout. However, evidence was presented that Patrick was directed to speak to Tyler when he inquired why he was locked out, Tyler initially refused to communicate with Patrick, and Tyler advised Patrick that he had obtained new contracts with the Las Vegas ATM locations. This is enough to reasonably infer that Defendants asserted dominion and control of the Las Vegas ATM assets, which is what the Court concluded in its analysis. Thus, Defendants have not met their burden as to this argument. As a result, the Court finds that a new trial, or alternatively, an alteration or amendment is not warranted because Defendants fail to clearly establish a manifest error of fact.

**B.    Alleged Legal Errors**

Defendants also raise six reasons why the Court misapplied the law in its analysis, and thus, contend that a new trial or an alteration or amendment is warranted. First, Defendants argue

that the Court improperly found a sale of MTE assets, asserting that the Court itself described Plaintiffs' evidence as "astonishingly thin," which they claim does not meet the preponderance of the evidence standard. However, Defendants misconstrue the Court's commentary. In the sentence preceding this comment, the Court notes that the basis of this lawsuit "was an extraordinarily poorly documented transaction by both parties." The Court's comment that Plaintiffs' evidence was "astonishingly thin" reflects the sentiment that the transaction was not properly documented—not to Plaintiffs' failure to meet their burden of proof. Poor documentation does not preclude satisfying the preponderance of the evidence standard.[10] As outlined on pages 12 and 13 of the Court's Memorandum and Order (Doc. 186), sufficient evidence was presented at trial to meet the proper evidentiary standard. Therefore, Defendants fail to show a manifest error of law under this argument.

Defendants' next three arguments assert that the Court improperly assumed and calculated damages that were not proven by Plaintiffs. Defendants rely on the lack of evidence presented to challenge the value and profit of each ATM asset. They argue that this lack of specific information shows that Plaintiffs failed to prove damages, and thus, failed to prove an essential element in their claims. Notably, Defendants offer no legal authority requiring damages to be calculated specifically rather than generally. The Court's analysis and conclusions necessitated the division of the $350,000 Las Vegas ATM assets and the $7,700 monthly lost profits. These values reflected the 38 Las Vegas ATM assets collectively, and the Court's judgment required damages to be calculated for 25 Las Vegas ATM assets on some claims and only 13 Las Vegas ATM assets on others. Although the Court initially divided the $350,000 asset value and $7,700 monthly lost profits evenly across several claims, the full amounts were ultimately awarded in the judgment.

---

[10] *See Rogers v. Missouri Pacific R. Co.*, 352 U.S. 500, 508, n. 17 (1957) ("Circumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence.")

As such, Defendants fail to meet their burden to show a manifest error of law under these arguments.

Defendants further argue that Plaintiffs failed to prove their right to recover as the proper parties, citing the Court's instruction for Plaintiffs to allocate the damages between themselves. However, the Court directed Plaintiffs to allocate the damages between themselves because it was unaware of any agreement between them on damage awards—not because Plaintiffs failed to prove they were the proper parties. Thus, a manifest error of law is not shown with this argument.

Finally, Defendants seek clarification on which Defendant is liable for the judgment on each count. The Court clarifies that Defendants are jointly and severally liable for the judgment rendered in its April 21, 2025 Memorandum and Order (Doc. 186).

The Court has reviewed Defendants' motion and finds no basis upon which to grant a new trial or alter or amend its judgment. There are no manifest errors of law or fact apparent. Therefore, the Court denies Defendants' motion.

**IT IS THEREFORE ORDERED** that Defendants MTE, LLC's and Michael W. Tyler, Sr.'s Motion for New Trial (Doc. 190) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 16th day of July, 2025.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE