IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CASH TODAY LLC, et al.,

    *Plaintiffs,*

v.

    Case No. 21-2360-EFM

MTE LLC, et al.,

    *Defendants.*

**MEMORANDUM AND ORDER**

    Before the Court is Plaintiffs', Cash Today, LLC ("Cash Today") and MoneyBox ATM Nevada, LLC ("MoneyBox"), Motion for Order Awarding Attorneys' Fees and Nontaxable Expenses (Doc. 189). Plaintiffs ask the Court to award them reasonable attorneys' fees and nontaxable litigation expenses incurred in the prosecution of this action pursuant to Fed. R. Civ. P. 54(d)(2)(B), D. Kan. Rule 54.2, and NRS § 18.010(2)(b). Defendants, MTE, LLC ("MTE") and Michael W. Tyler, Sr. ("Tyler"), oppose the Motion arguing that awarding attorneys' fees and nontaxable expenses is not afforded by the terms of the Asset Purchase Agreement, improper under the American Rule, and not available under NRS § 1810(2)(b) as Defendants did not maintain a defense based on unreasonable grounds or to harass the Plaintiffs. For the following reasons, the Court denies Plaintiffs' Motion.

## I.     Legal Standard

"Federal Courts sitting in diversity determine the reasonableness of attorneys' fees awarded under state law."[1] Nevada follows the American Rule where "attorneys' fees are not recoverable unless authorized by statute, rule, or agreement between the parties."[2] NRS § 18.010(2)(b) authorizes the court to award attorneys' fees to a prevailing party when "the court finds that the claim, counterclaim, cross-claim or third-party complaint or defense of the opposing party was brought or maintained without reasonable ground or to harass the prevailing party." "The purpose of the statute is to regulate misconduct and procedure, and the express legislative intent behind subsection (b) is to 'punish for and deter frivolous or vexatious claims and defenses.'"[3] Determining whether attorneys' fees are appropriate under NRS § 18.010(2)(b) is within the sound discretion of the district court.[4]

For an award of attorneys' fees under NRS § 18.010(2)(b), the opposing party's actions in filing or maintaining a claim or defense must be groundless or harassing.[5] A fee award under subsection (b) is not "available to all prevailing parties as a matter of substantive law; it is based on conduct in the litigation itself."[6] In other words, an award of attorneys' fees under NRS § 18.010(2)(b) is "based not merely on who wins, but on the *specific litigation conduct* of the opposing party."[7]

---

[1] *Beauregard v. Sampson*, 2024 WL 4285554, at *3 (D. Nev. Sept. 23, 2024).

[2] *Id.* at *1.

[3] *In re Andrade-Garcia*, 635 B.R. 509, 515 (B.A.P. 9th Cir. 2022).

[4] *Allianz Ins. Co. v. Gagnon*, 860 P.2d 720, 724 (Nev. 1993).

[5] *In re Andrade-Garcia*, 635 B.R. at 515.

[6] *Id.*

[7] *Id.* at 516 (emphasis added).

An adverse party has the right to oppose in good faith the claims asserted against them.[8] "Not every unsuccessful defense is ipso facto 'unreasonable,' 'frivolous,' or 'vexatious.'"[9] "There must be evidence supporting the district court's finding that the claim or defense was unreasonable or brought to harass."[10] "For purposes of NRS 18.010(2)(b), a *claim* is frivolous or groundless if there is no credible evidence to support it."[11]

## II.     Analysis

The Court incorporates by reference its Memorandum and Order (Doc. 149) granting in part and denying in part Plaintiffs' Partial Motion for Summary Judgment, which sets forth in detail the procedural history and facts underlying this action. The Court also incorporates its Memorandum and Order (Doc. 186) granting judgment in Plaintiffs' favor after the August 13, 2024 bench trial. The Court will not restate the facts and history in full, except as needed to frame its analysis.

Plaintiffs assert that attorneys' fees are warranted under NRS § 18.010(2)(b) because Defendants continued with the defense of this lawsuit on false grounds. The defense presented by Defendants at trial was that the March 2019 transaction was not for the sale of MTE's ATM assets but instead was a cash loading agreement. Plaintiffs argue that because Defendants' defense relied upon Tyler's testimony—which the Court found to be "self-serving, incredible and unworthy of

---

[8] *See* Fed. R. Civ. P. 8; *Bentley v. State, Off. of State Eng'r*, 2016 WL 385672, at *12 (Nev. 2016) ("The Bentleys further attempted to strike the Intervenors' opposition to the Bentleys' exceptions as an improper pleading, despite the fact that, as an adverse party in a statutory adjudication of a water system, the Intervenors had the right to oppose the Bentleys' exceptions.").

[9] *In re 12067 Oakland Hills, Las Vegas, Nevada 89141*, 435 P.3d 672, 679 (Nev. App. 2018).

[10] *Frederic & Barbara Rosenberg Living Tr. v. MacDonald Highlands Realty, LLC*, 427 P.3d 104, 113 (2018) (quotation and citation omitted).

[11] *Id.* (emphasis added).

belief"—the defense was groundless. However, finding Tyler's testimony incredible reflects the Court's function as the trier of fact in a bench trial where it weighs the evidence and determines the credibility of witnesses.[12] It does not reflect Defendants' conduct in litigation.

Further, there was not overwhelming evidence that the transaction was for the sale of ATM assets. Instead, the Court found that the evidence was "astonishingly thin," and that the sale of ATM assets was "an extraordinarily poorly documented transaction." Further, because Michael Klopf consulted Tyler on various aspects of the ATM business after the transaction, it was not groundless for Defendants to assert the defense that the transaction was merely a cash loading agreement. Ultimately, the Court, as the trier of fact, found Plaintiffs met their burden to show there was a contract for the purchase of MTE's ATM assets after it determined Tyler's testimony was incredible.

Additionally, Plaintiffs argue that the lack of evidence to support Tyler's testimony illustrates that Defendants' defense was without reasonable ground or was asserted to harass. Nevada courts have found when a *claim* is without credible evidence it is groundless.[13] However, the Court declines to extend that ruling to defenses. It is not a defendant's burden to prove a claim, and a defendant has a right to oppose in good faith a claim that is brought against them.[14] Without evidence of Defendants acting in bad faith in the conduct of litigation, an unsuccessful defense is not enough to be considered groundless or harassing under NRS § 18.010(2)(b).[15]

---

[12] *See United States v. Brock*, 8 F.3d 31, 31 (9th Cir. 1993) (discussing that it is the trier of fact's role to assign weight to evidence and determine credibility of witnesses).

[13] *Frederic & Barbara Rosenberg Living Tr.*, 427 P.3d at 113.

[14] *See* Fed. R. Civ. P. 8; *Bentley*, 2016 WL 385672, at *12.

[15] *See In re Andrade-Garcia*, 635 B.R. at 516; *Frederic & Barbara Rosenberg Living Tr.*, 427 P.3d at 113.

Plaintiffs' only argument that relates to Defendants' conduct during litigation is that Defendants allowed CDS portal information to be deleted despite notice of the dispute. Plaintiffs contend that they "repeatedly engaged with Defendants prior to filing this lawsuit seeking to resolve the dispute" and "CDS portal information that is automatically deleted after 2 years was allowed by Defendants to be deleted despite notice of the parties' dispute." However, Plaintiffs offer no evidence supporting these contentions. As noted above, attorneys' fees are not available under NRS § 18.010(2)(b) without evidence that Defendants' conduct during the course of litigation was groundless or harassing.[16] Plaintiffs fail to provide the Court with the requisite evidence. Consequently, the Court denies Plaintiffs' Motion.

**IT IS THEREFORE ORDERED** that Plaintiffs', Cash Today, LLC and MoneyBox ATM Nevada, LLC, Motion for Order Awarding Attorneys' Fees and Nontaxable Expenses (Doc. 189) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 18th day of July, 2025.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[16] *See In re Andrade-Garcia*, 635 B.R. at 516; *Frederic & Barbara Rosenberg Living Tr.*, 427 P.3d at 113.